UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| SOLIAN DHEMBI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:20-cv-1364 |
| GALVIN LYNCH ASSOCIATES, LLC, | ) ) ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, SOLIAN DHEMBI ("Plaintiff"), through his attorney, Hormozdi Law Firm, LLC, alleges the following against Defendant, GALVIN LYNCH ASSOCIATES, LLC ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy,"

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained

1

within.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in Green Cove Springs, Clay County, Florida.

8. Plaintiff is a consumer as that term is defined by the FDCPA and the FCCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the FCCPA.

10. Defendant is a debt collector as that term is defined by the FDCPA and the FCCPA.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a law firm collection agency located in Upland, San Bernardino County, California.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating with Kay Jewelers.

20. The alleged debt at issue arises from transactions for personal, family, and household purposes.

21. In or around August 2020, Defendant began placing calls to Plaintiff on Plaintiff's telephone at xxx-xxx-1636, in an attempt to collect the alleged debt.

22. Defendant calls Plaintiff from 916-246-9749 which is one of Defendant's telephone numbers.

23. If the debt is owed at all, the statute of limitations has passed.

24. In or around August 2020, Plaintiff answered Defendant's call and spoke with one of Defendant's male collectors.

25. During the conversation with Defendant's male collector:

    a. Plaintiff requested for Defendant to take his number off Defendant's call list.

    b. Defendant's male collector called offensive names.

26. Shortly after the conversation with Defendant's male collector, Plaintiff's family members including, but not limited to, Plaintiff's mother, father, brother and sister ("Plaintiff's family members") received a text message from Defendant.

27. The text messages received by Plaintiff's family members states as follows:

    a. "THIS IS AN AUTOMATED MESSAGE (PLEASE DO NOT REPLY HERE) THIS IS AN URGENT MESSAGE AND THIS IS INTENDED FOR A SOLIAN DHEMBI ABOUT A COMPLAINT IN PROCESS OF BEING FILED IN

(MILWAUKEE COUNTY) PLEASE CONTACT THE FILING FIRM AT: 1-866-316-3103 REFERENCE #264819 FOR A SOLIAN DHEMBI TO VERIFY YOUR DOCUMENTS THAT TRIED BEING SENT TO YOU RESPONSE WILL NOT BE TAKEN AFTER 4PM PT AT THE LATEST. IMMEDIATE ATTENTION IS REQUIRED. BEWARE THAT FAILURE TO ESTABLISH CONTACT WILL RESULT IN ANY PROCEEDINGS TAKING PLACE WITHOUT THE PERSONS PARTICIPATION. IT IS IMPORTANT THAT CONTACT IS ESTABLISHED IMMEDIATELY THANK YOU.OFFICIAL NOTIFICATION DATE: 08/25/2020."

28. The text message was sent from 408-337-8476, which is one of Defendant's telephone numbers.

29. The telephone number left in the text message, 866-316-3103, belongs to Defendant.

30. The text message did not disclose that the communication is from Galvin Lynch Associates.

31. The text message did not disclose that the communication is from a debt collector and that any information obtained will be used for that purpose

32. After receiving notification of the aforementioned text message, Plaintiff placed a call to Defendant at 866-316-3103 and spoke with one of Defendant's male collectors, Robert Carter.

33. During the conversation with Robert Carter:

    a. Robert Carter disclosed the communication is from Galvin Lynch Associates located in Upland, California.

    b. Robert Carter falsely represented that Plaintiff owed $6,000 to Defendant for the alleged debt plus fees including court costs and filing fees.

    c. Plaintiff requested for Defendant to provide Plaintiff with validation of the alleged debt.

    d. Robert Carter demanded for Plaintiff to make payment by 4pm that same day or

   Defendant would take legal action against Plaintiff.

34. Following the conversation with Robert Carter, Defendant sent a DocuSign envelope to Plaintiff via e-mail in an attempt to coerce Plaintiff into making a payment to Defendant in the amount of $2,864.00.

35. The e-mail did not disclose that the communication is from a debt collector and that any information obtained will be used for that purpose

36. After receiving the e-mail from Defendant, Plaintiff called Defendant and spoke with Robert Carter.

37. During the second conversation with Robert Carter:

  a. Plaintiff advised Robert Carter that he would not make a payment to Defendant.

  b. Robert Carter threated to take serve Plaintiff with a lawsuit.

  c. Robert Carter threatened take Plaintiff to court.

  d. Robert Carter threatened to place a lien on Plaintiff's parent's house.

38. Plaintiff's parents do not now owe the alleged debt that Defendant seeks to collect.

39. Defendant is or should be familiar with the FDCPA.

40. Defendant knows or should know the FDCPA requires a debt collector to disclose the caller's identity when communicating with a consumer.

41. Defendant knows or should know that the FDCPA requires the debt collector to disclose that the communication is from a debt collector and that any information obtained will be used for that purpose.

42. To date, Defendant has not taken legal action against Plaintiff.

43. Defendant engaged in the foregoing conduct with the intent to annoy, abuse and/or harass Plaintiff.

44. To date, Plaintiff has not received a written notice pursuant to § 1692g(a).

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

45. Plaintiff repeats and re-alleges paragraphs one (1) through forty-four (44) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

46. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692b of the FDCPA by communicating with any person other than the consumer for the purpose of acquiring location information about the consumer, when Defendant sent text messages to Plaintiff's family members after Defendant acquired location information about Plaintiff and after Defendant communicated with Plaintiff;

    b. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant engaged in engaged in, at least, the following discrete violations of § 1692d;

    c. Defendant violated §1692d(2) of the FDCPA by using obscene or profane language or language the natural consequence of which is to abuse the hearer, when Defendant's male collector called Plaintiff offensive names;

    d. Defendant violated § 1692d(6) of the FDCPA by placing a collection call to Plaintiff without meaningful disclosure of the caller's identity, when Defendant communicated with Plaintiff and did not disclose the communication is from the Galvin Lynch & Associates;

    e. Defendant further violated § 1692e of the FDCPA by its use of any false, deceptive,

6

  or misleading representation or means in connection with the collection of any debt, when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

f. Defendant violated § 1692e(2) of the FDCPA by falsely representing the character, amount or legal status of any debt, when Defendant falsely represented that Defendant could legally take legal action against Plaintiff;

g. Defendant violated § 1692e(4) of the FDCPA by representing that nonpayment of any debt will result in the seizure or sale of any property unless such action is lawful and the debt collector intends to take such action, when Robert Carter threatened to place a lien on Plaintiff's parent's when Defendant could not legally take such action;

h. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken, when Defendant threatened to take legal action against Plaintiff and Defendant could not legally take such action;

i. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant attempted to collect a time-barred debt from Plaintiff without disclosing to Plaintiff that the debt is past the statute of limitations, when Defendant demanded immediate payment from Plaintiff in an effort to coerce Plaintiff into making a payment on a time-barred debt and, in effect, revive the statute of limitations and when Defendant sent a DocuSign envelope to Plaintiff in an attempt to coerce Plaintiff into making a payment to Defendant;

j.  Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Defendant communicated with Plaintiff and did not disclose the communication is from a debt collector and in an attempt to collect a debt;

k.  Defendant violated § 1692g(a) of the FDCPA by failing to send a written notice to Plaintiff pursuant to § 1692g(a) of the FDCPA;

l.  Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication during the time period prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt, when Defendant demanded immediate payment from Plaintiff; and

m.  Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, SOLIAN DHEMBI, respectfully requests judgment be entered against Defendant, GALVIN LYNCH ASSOCIATES, LLC, for the following:

47. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

48. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

49. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

50. Plaintiff repeats and re-alleges paragraphs one (1) through forty-four (44) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

51. Defendant violated the FCCPA based on the following:

    a. Defendant violated §559.72(7) of the FCCPA by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his family, when Defendant threatened to take legal action against Plaintiff and Defendant could not legally take such action;

    b. Defendant violated §559.72(8) of the FCCPA by using profane, obscene, vulgar or willfully abusive language in communicating with the debtor or any member of his family, when Defendant's male collector called Plaintiff offensive names;

    c. Defendant violated § 559.72(9) of the FCCPA by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist, when Defendant attempted to collect a time-barred debt from Plaintiff without disclosing to Plaintiff that the debt is past the statute of limitations; and

    d. Defendant violated § 559.72(10) of the FCCPA by using a communicating that simulates in any manner legal or judicial process, when Defendant sent a text message to Plaintiff's family members that insinuated a lawsuit is pending against Plaintiff.

WHEREFORE, Plaintiff, SOLIAN DHEMBI, respectfully requests judgment be entered

against Defendant, GALVIN LYNCH ASSOCIATES, LLC, for the following:

52. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

53. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

54. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2); and

55. Any other relief that this Honorable Court deems appropriate.

                          RESPECTFULLY SUBMITTED,

DATED: December 03, 2020        By: /s/ Shireen Hormozdi
                                        Shireen Hormozdi
                                        SBN: 0882461
                                        Hormozdi Law Firm, LLC
                                        1770 Indian Trail Lilburn Road, Suite 175
                                        Norcross, GA 30093
                                        Tel: 678-395-7795
                                        Fax: 866-929-2434
                                        shireen@agrusslawfirm.com
                                        shireen@norcrosslawfirm.com
                                        Attorney for Plaintiff